THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| STEVEN M. ANDERSON, | ) |
| | ) |
| Plaintiff/Counterclaim Defendant, | ) |
| | ) |
| vs. | ) Civil Action No. 1:19-cv-00289-LO-TCB |
| | ) |
| FLUOR INTERCONTINENTAL, INC., | ) |
| FLUOR FEDERAL GLOBAL PROJECTS, | ) |
| INC. AND FLUOR FEDERAL SERVICES, | ) |
| LLC, | ) |
| | ) |
| Defendants/Counterclaim Plaintiffs | ) |

**NOTICE OF DEFENDANTS/COUNTERCLAIM PLAINTIFFS
FLUOR INTERCONTINENTAL, INC., FLUOR FEDERAL GLOBAL PROJECTS, INC.,
AND FLUOR FEDERAL SERVICES, LLC
IN RESPONSE TO THE COURT'S FEBRUARY 26, 2020 ORDER**

Pursuant to this Court's February 26, 2020 Order, Defendants/Counterclaim Plaintiffs Fluor Intercontinental, Inc., Fluor Federal Global Projects, Inc., and Fluor Federal Services, LLC ("Fluor") submit this Notice and Fluor's amended privilege log (Ex. 1, Fluor's Am. Privilege Log (Feb. 26, 2020)).

Fluor does not wish to rehash arguments previously made, but to avoid any confusion about the parties' course of dealings, Fluor provides a brief summary here. The parties contemplated exchanging privilege logs at the close of discovery once document production was complete. Fluor submitted its initial privilege log to Plaintiff/Counterclaim Defendant Steven M. Anderson on October 10, 2019 and Anderson provided his log to Fluor on October 11, 2019.

Anderson first raised general concerns about Fluor's privilege log in his October 30, 2019 Reply in support of his Objection to Magistrate Buchanan's October 4, 2019 Order denying Anderson's motion to compel [Dkt. 61]. Anderson did not previously meet and confer as to any

such concerns, so Fluor had no notice of them. At the final pretrial conference on November 8, 2019, the Court ordered discovery disputes to be raised consistent with Local Rule 26(C) and for Fluor to address deficiencies in its log, although no deficiencies had been identified. Fluor understood that, as is the usual process (as confirmed by Judge Buchanan at hearing), Anderson would seek to meet and confer with Fluor to discuss any particular concerns or issues consistent with Local Rules 26(C) and 7(E).

Between November 8, 2019 and the January 10, 2020 hearing before Judge Buchanan, Anderson never sought to meet and confer with Fluor about the privilege log. Anderson instead raised issues with particular documents in a selection of briefs, *see, e.g.,* Anderson's Opp'n to Fluor's Mot. for Recon. at 20 [Dkt. 143], apparently calculated to argue that Fluor's privilege log was so "deficient" as to result in a blanket waiver. As Fluor stated in reply, it stood ready to meet and confer with Anderson as to the log and to address any particular concerns raised. *See, e.g.*, Fluor's Reply in Support of Mot. for Recon. at 9 [Dkt. 149].

At the January 10, 2020 hearing, Judge Buchanan considered Fluor's privilege log, after requesting and receiving an electronic copy from Fluor to review in advance of the hearing. *See* Fluor's Resp. to Anderson's Objs. to Magistrate Buchanan's Jan. 10, 2020 Order at Ex. 2 [Dkt. 176-2]. She first noted the lack "of any specificity in [Anderson's] motions as to what exactly is wrong with [the log]." Hr'g Tr. at 8 (January 10, 2020). She also concluded after reviewing Fluor's log in electronic form that "the privilege log is, for the most part, sufficient," and ordered the parties to meet and confer about the log promptly. *Id.* at 14-15.

Fluor then initiated a meet-and-confer process with Anderson and the parties met and conferred telephonically on January 23, 2020. Anderson identified specific concerns and requested additional information, which led Fluor to undertake additional review of its log. On

January 29, 2020, Fluor sent a letter to Anderson that addressed some of the concerns raised during the meet and confer and also provided an amended privilege log. (Ex. 2, Fluor Letter to Anderson (Jan. 29, 2020)). Fluor also produced eight documents that had been previously withheld.

Notwithstanding the fact that Judge Buchanan, experienced in handling discovery disputes and herself an experienced litigator, had found Fluor's log to be "for the most part, sufficient," Anderson replied on February 7, 2020 raising complaints about 569 out of the remaining 580 entries. *See* Anderson's Reply in Support of Objs. at Ex. 2 [Dkt. 177-1]. At the hearing on Anderson's Objections, the Court noted that it was "very encouraged" to see this letter because "that's really where it all starts, which is you identify what the problem is, and we'll respond. Hr'g Tr. at 24 (Feb. 14, 2020). Fluor had initiated this process in January and, as was represented at the hearing, was already working on a response to the February 7 letter with the understanding it would take some time given the breadth of the concerns raised. While Fluor represented that it "intend[ed]" to provide the response during the following week, *id.* at 23-24, it took some time to provide the occupations for each of the 72 individuals included on the log (although the identities of the key lawyers and other personnel were already known to Anderson). Fluor informed Anderson on February 21 that it would need additional time to gather information, which Fluor believes to have been reasonable under the circumstances. Anderson's Resp. to Fluor's Supp. Br. at Ex. 15 [Dkt. 194-15].

Fluor sent its response on February 26, 2020, (Ex. 3, Fluor Letter to Anderson (Feb. 26, 2020)), which included providing identifying information for the 72 individuals listed on the log who were not identified in either party's Rule 26 disclosures. Fluor also provided a second amended privilege log (Ex. 1). The amended privilege log and Fluor's February 26, 2020 letter provided additional information requested by Anderson, namely the number of pages of each

document withheld as privileged, more specificity about documents that had previously been identified as authored by "Fluor," and additional information where available for fields that had previously been blank. Fluor also considered its position on the three documents created before October 16, 2017 (Document Nos. 57, 272, and 443) that Anderson claimed could not be protected by the attorney work product doctrine. As a result, Fluor produced Document No. 443 in full, produced Document No. 57 in redacted form, and continued to withhold Document No. 272. Fluor also revised its descriptions of Document Nos. 57 and 272 consistent with its position as stated in the February 26 letter.

Fluor reiterated its position that the Description column of Fluor's privilege log contains sufficient specificity and identified a significant D.C. Circuit opinion authored by now-Justice Kavanaugh on mandamus review that makes clear that the test for whether a communication is privileged is not whether legal advice predominates, as Anderson asserts, but instead whether "obtaining or providing legal advice [was] a primary purpose of the communication, meaning one of the significant purposes of the communication." *In re Kellogg Brown & Root, Inc.*, 756 F.3d 759, 760 (D.C. Cir. 2014). Fluor also reiterated that it stands by its privilege and work product claims as described on the February 26 amended privilege log. Fluor believes it has adequately justified its privilege assertions with respect to each document on its log, but closed the letter by stating that it hopes to avoid further needless, ancillary litigation over the privilege log and is willing to consider discrete requests for information as to particular documents on the log. As of filing, Anderson has not sent any response to Fluor's February 26 letter or made additional requests.

Fluor respectfully requests the opportunity to be heard with respect to any action by this Court with respect to its privilege log.

Respectfully submitted,

/s/ Tirzah S. Lollar
Tirzah S. Lollar
VA Bar No. 68145
John P. Elwood
VA Bar No. 91779
Attorney for Defendants/Counterclaim Plaintiffs Fluor Intercontinental, Inc., Fluor Federal Global Projects, Inc., and Fluor Federal Services, Inc.
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave NW
Washington, D.C. 20001
Telephone: (202) 942-5000
Facsimile: (202) 942-5999
tirzah.lollar@arnoldporter.com
john.elwood@arnoldporter.com

Of Counsel:

Craig D. Margolis
craig.margolis@arnoldporter.com
Christian D. Sheehan
christian.sheehan@arnoldporter.com
Sonia Tabriz
sonia.tabriz@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave NW
Washington, D.C. 20001
Telephone: (202) 942-5000
Facsimile: (202) 942-5999

Jennifer S. Cluverius (Fed. ID No. 9992)
jcluverius@nexsenpruet.com
Mark Moore (Fed. ID No. 4956)
mmoore@nexsenpruet.com
NEXSEN PRUET, LLC
55 E. Camperdown Way, Suite 400 (29601)
Post Office Drawer 10648
Greenville, South Carolina 29603-0648
Telephone:  (864) 282-1169
Facsimile:  (864) 477-2637

Dated:  February 28, 2020

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of February 2020, I caused the foregoing to be served by email through the Court's Electronic Case Filing system upon all attorneys of record.

/s/ Tirzah S. Lollar
Tirzah S. Lollar
VA Bar No. 68145
Attorney for Defendants/Counterclaim Plaintiffs
Fluor Intercontinental, Inc., Fluor Federal Global
Projects, Inc., and Fluor Federal Services, Inc.
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave NW
Washington, D.C.  20001
Telephone: (202) 942-5000
Facsimile: (202) 942-5999
tirzah.lollar@arnoldporter.com